**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Juan A.L.C.,

Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-1367 (DWF/LIB)

**ORDER**

This matter is before the Court on Petitioner Juan A.L.C.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting that Petitioner was released from detention, so the Petition is now moot. (Doc. No. 6.) In his reply, Petitioner confirms that he was released but asks the Court to adjudicate his Petition because it falls under an exception to mootness. (Doc. No. 7.) On February 18, 2026, the Court ordered Respondents to file supplemental briefing on or before February 23, 2026. (Doc. No. 8.) Respondents filed a "request for extension of filing deadline" on February 23, 2026, but notably, the document contained no specific extension request and instead reiterated Respondents' mootness arguments. (Doc. No. 9.) The document did not respond to *any* of the points the Court ordered Respondents to

brief. (*See id.*) On February 24, 2026, the Court granted an extension request to Respondents. (Doc. No. 10.) They did not respond.[1]

The Court still requires important information to determine whether the Petition is moot. On the current record, it appears that Petitioner may have been forced to pay an additional bond or sign a release form with conditions upon his release from detention. (*See* Doc. No. 6-1.) A petition is not moot where there are continuing collateral consequences of the detention. *See Mohamed v. Lynch*, No. 15-cv-2726, 2016 WL 563164, at *3 (D. Minn. Jan. 26, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *report and recommendation adopted by*, 2016 WL 593512 (D. Minn. Feb. 12, 2016).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner must submit additional briefing confirming whether there are any continuing collateral consequences of Petitioner's detention by 12:00 p.m. on March 6, 2026.

2. Petitioner should attach any affidavit, declaration, or document that would assist the Court in determining whether there are any continuing collateral consequences.

Dated: March 3, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

[1] The Court will not pursue contempt proceedings on this issue today but does not rule out that option in the future.