UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Juan A.L.C.,                                             Civil No. 26-1367 (DWF/LIB)

        Petitioner,

v.                                                                    **MEMORANDUM
                                                                      OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; and David
Easterwood, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*,

        Respondents.

## INTRODUCTION

This matter is before the Court on Petitioner Juan A.L.C.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting that Petitioner was released from detention, so the Petition is now moot. (Doc. No. 6.) In his reply, Petitioner confirms that he was released but asks the Court to adjudicate his Petition because it falls under an exception to mootness. (Doc. No. 7.) For the reasons set forth below, the Court denies the Petition as moot and dismisses this action without prejudice.

## BACKGROUND

Petitioner is a citizen of El Salvador and resident of Richfield, Minnesota. (Doc. No. 1 ¶¶ 7, 12.) He has lived in the United States for approximately twenty years. (*Id.*

¶ 12.)  He has a valid work permit and does not have a final order of removal.  (*Id.* ¶ 13.)  On February 11, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner while he was waiting for food at a restaurant.  (*Id.* ¶ 15.)  Later that day, Respondents released Petitioner from their custody.  (Doc. No. 6-1.)

Also on February 11, 2026, before learning that Petitioner had been released, Petitioner's counsel filed the Petition.  (Doc. No. 1 at 18.)  They alleged that Petitioner's detention violated the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  (*Id.* ¶¶ 30-46.)  Respondents assert that the Petition is moot because Petitioner was released from custody.  (*See* Doc. No. 6.)  Petitioner argues that the Petition is not moot because Respondents are free to re-detain him at any time under the same theory and there is a reasonable expectation that he will be arrested again under the same theory.  (Doc. No. 7.)  The Court asked for additional briefing on whether Petitioner is subject to any continuing collateral consequences of his detention, such as a bond or release conditions.  (Doc. Nos. 8, 11.)  Petitioner submitted a status report confirming that he was released without any continuing collateral conditions.  (Doc. No. 12.)

## DISCUSSION

Federal courts only have jurisdiction to hear "Cases" or "Controversies" under Article III of the Constitution.  U.S. Const. art. III, § 2.  As such, federal courts may only hear cases where there is a live case or controversy and the parties have a legally cognizable interest in the outcome.  *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980).  If there is no longer a live controversy or legally cognizable interest, the

case becomes moot, meaning the court no longer has jurisdiction to hear it. *See id.* A petition for writ of habeas corpus becomes moot after the petitioner is released from detention unless: (1) there are continuing collateral consequences of the detention; (2) the issue is capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal detention but is free to resume it at any time; or (4) it is a properly certified class action. *See Kargbo v. Brott*, No. 15-cv-2713, 2016 WL 3676162, at *2 (D. Minn. July 6, 2016); *Mohamed v. Lynch*, No. 15-cv-2726, 2016 WL 563164, at *3-4 (D. Minn. Jan. 26, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *report and recommendation adopted*, 2016 WL 593512 (D. Minn. Feb. 12, 2016).

This case does not fit any of the four exceptions to mootness. First, Petitioner confirmed that he is not subject to any continuing collateral consequences as a result of his February 11th detention. (*See* Doc. No. 12.)

Second, Petitioner's detention does not fit the "capable of repetition yet evading review" exception. This exception is limited to situations where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). A reasonable expectation is more than "a mere physical or theoretical possibility." *Id.* Rather, there must be "a demonstrated probability that the same controversy will recur." *Id.* (citation modified).

3

Petitioner has not shown a reasonable expectation that he will be detained again. It is true that a significant number of noncitizens have been arrested and detained by ICE during Operation Metro Surge. In late February, the Department of Homeland Security claimed it had arrested over four thousand people during the operation. *See Federal Officials: Fewer Than 1,000 Immigration Agents Remain in Minnesota*, MPR News (Feb. 25, 2026, at 14:00 CT), https://www.mprnews.org/story/2026/02/25/federal-officials-fewer-than-1000-immigration-agents-remain-minnesota. The Court has felt that impact. As of March 1, 2026, over a thousand immigration-related habeas petitions have been filed in this District. That number is staggering when compared to prior years: 12 in 2024 and 130 in 2025.

However, the number of ICE agents in Minnesota and daily arrests have decreased in the last few weeks. *See Decline in New Filings Coincides with ICE Reduction Announcement, But Courts Still Busy*, MPR News (Mar. 1, 2026, at 10:55 CT), https://www.mprnews.org/story/2026/03/01/new-ice-filings-decline-but-courts-still-busy; Jake Steinberg, Kyeland Jackson & Bryan Brussee, *As ICE Draws Down in Minnesota, Data Illustrates Intensity of Its Surge Here*, Minn. Star Trib. (Feb. 22, 2026), https://www.startribune.com/is-ice-really-pulling-out-of-minnesota-observer-data-tells-a-complicated-story/601580496. The sheer volume of arrests certainly makes this case a closer call. But on the present record, given the changing circumstances, the Court cannot find a reasonable expectation that Petitioner will be re-detained.

Third, Respondents are not free to resume detention of Petitioner at any time. Presumably, to re-detain Petitioner, Respondents would need a legal basis to detain him.

Additionally, there is nothing in the record that suggests that Respondents released Petitioner simply to avoid court review of the Petition. *See Mohamed*, 2016 WL 563164, at *4.

Lastly, this case is not a certified class action. Thus, there is no applicable exception to the mootness doctrine. The Court therefore lacks jurisdiction to hear the Petition and dismisses this action without prejudice.

### ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **DENIED AS MOOT**.

2. This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2026            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge